09-5299-ag
Fu v. Holder

BIA
A077 341 189

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand ten.

PRESENT:
　　　JOSEPH M. McLAUGHLIN,
　　　GUIDO CALABRESI,
　　　RICHARD C. WESLEY,
　　　　　*Circuit Judges*.

─────────────────────────────────────

TING TING FU,
　　　　　*Petitioner*,

　　　v.　　　　　　　　　　09-5299-ag
　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　　*Respondent*.

─────────────────────────────────────

FOR PETITIONER:　　　　Michael Brown, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Yanal Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ting Ting Fu, a native and citizen of the People's Republic of China, seeks review of a December 15, 2009, order of the BIA denying her motion to reopen. *In re Ting Ting Fu*, No. A077 341 189 (B.I.A. Dec. 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Fu's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Fu's motion was indisputably untimely, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that the birth of Fu's two U.S. citizen children, as well as her

practice of Falun Gong in the United States, constituted a change in her personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of her motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008). Contrary to Fu's argument, the fact that Chinese authorities may have become aware of the birth of her children and her Falun Gong practice does not establish changed country conditions. *See Wei Guang Wang*, 437 F.3d at 273-74. In any event, the BIA also reasonably declined to credit Fu's evidence, including her father's affidavit and an unauthenticated notice from her village committee, based on the lack of authentication and the Immigration Judge's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

3

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

_____